United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ABDUL RAHIM SABIR,

Plaintiff,

v.

SFCO STAFF, et al.,

Defendants.

Case No. 25-cv-09813-WHO (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

**INTRODUCTION**

Plaintiff Abdul Rahim Sabir alleges claims against state judges, public defenders, and unnamed San Francisco County employees. His 42 U.S.C. § 1983 complaint containing these allegations is now before me for review pursuant to 28 U.S.C. §§ 1915 and 1915A(a).

The complaint fails to state any claim for relief. Sabir's claims against state judges and public defenders are DISMISSED without leave to amend because such persons are immune from suit under section 1983. His claims against the unnamed county employees are DISMISSED with leave to amend. In his amended complaint, he must name the person(s) he holds responsible and allege specific facts showing that this person or persons violated his federal constitutional rights. Accordingly, the complaint is DISMISSED with leave to file an amended complaint on or before **May 1, 2026**. Failure to file a proper amended complaint by May 1, 2026, may result in dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

In addition, Sabir is warned to file a change of address notice with the Court whenever his address changes. He has filed several lawsuits but many of them are subject

to dismissal because mail sent by the Court to him has been returned as undeliverable because Sabir failed to update his address to his current one in San Bruno.  Sabir's lawsuits likely will be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute if he does not file a change of address notice when his address changes.

## STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

Sabir alleges claims against state court judges, public defenders, and unnamed San Francisco County employees.  (Compl., Dkt. No. 1 at 2-3.)  His claims against state judges

2

are DISMISSED without leave to amend because state judges are absolutely immune from civil liability for damages for acts performed in their judicial capacity. *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001). His claims against public defenders are DISMISSED without leave to amend because such persons are immune from suit under section 1983. An essential element of an action under 42 U.S.C. § 1983 is that the defendant act under color of state law. When performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments, a public defender does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981).

Sabir's claims against San Francisco County employees are DISMISSED with leave to amend because he has not named them or described how their actions allegedly violated his federal constitutional rights. In his amended complaint, he must allege specific facts tying a specific person to the exact wrong. "A person deprives another 'of a constitutional right,' within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). The inquiry into causation is individualized and focuses on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Id.* Defendants cannot be held liable for a constitutional violation under 42 U.S.C. § 1983 unless they were integral participants in the unlawful conduct. *Keates v. Koile*, 883 F.3d 1228, 1241 (9th Cir. 2018).

The complaint is DISMISSED with leave to amend.

## CONCLUSION

The complaint is DISMISSED with leave to file a first amended complaint on or before **May 1, 2026**. The amended complaint must include the caption and civil case number used in this order (25-09813 WHO (PR)) and the words FIRST AMENDED

COMPLAINT must be written on the first page.  The amended complaint must also appear on this Court's form, a copy of which will be sent to him.  Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the prior complaint by reference.  Failure to file a proper amended complaint by May 1, 2026 may result in dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Sabir has filed several lawsuits.  Many of them are subject to dismissal because mail sent by the Court to him has been returned as undeliverable, Sabir having failed to update his address to his current one in San Bruno.  Whenever his address changes, Sabir must file a change of address notice in each of his cases.  If he fails to do so, his lawsuits likely will be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**IT IS SO ORDERED.**

**Dated:**  March 5, 2026



_____
WILLIAM H. ORRICK
United States District Judge

United States District Court
Northern District of California

4